Marianne Roesler FRIEDLUND, Appellant–Respondent,

v.

Scott Carl FRIEDLUND, Respondent– Appellant.

Nos. WD 64639, WD 64696.

Missouri Court of Appeals, Western District.

Jan. 10, 2006.

Michael W. Walker, Kansas City, MO, for appellant-respondent.

Bradley P. Grill, Kansas City, MO, for respondent-appellant.

Before RONALD R. HOLLIGER, Presiding Judge, ROBERT G. ULRICH, Judge and JOSEPH M. ELLIS, Judge.

### ORDER

PER CURIAM.

Scott Friedlund ("Father") and Marianne Friedlund ("Mother") both appeal a September 1, 2004 judgment of the Circuit Court of Platte County modifying a prior decree of dissolution. The judgment authorized Mother to relocate their three minor children from the Kansas City area to the Chicago area to live with her there, approved Mother's proposals for modified visitation and travel arrangements, and ordered Mother to pay the childrens' airfare for visitation-related plane trips to and from Kansas City and Chicago. The trial court also reduced Father's monthly child support obligation from $1,400 to $696 and eliminated Father's previous obligation to pay a portion of the tuition/tithing costs for the childrens' education at a Catholic parochial school.

In his sole point relied on, Father argues that the trial court erred in denying his motion, pursuant to section 452.377, RSMo 2000, to prevent Mother from relocating the children to Chicago, claiming that there was no substantial evidence to support the trial court's determination that the relocation of the three minor children with Mother to the Chicago area was in their best interests. He also lodges various complaints about the form and language of the court's judgment permitting relocation.

In her cross-appeal, Mother claims, in her first point, that the trial court erred in reducing Father's monthly child support obligation because the issue of child support was neither raised in the pleadings nor tried by the express or implied consent of the parties. In her second point, Mother contends that even if the issue of child support was tried by consent, the trial court erred in failing to make an express finding as to whether the Presumed Correct Child Support Amount (PCCSA) was unjust or inappropriate before ordering her to pay the entirety of the childrens' recurring visitation-related transportation expenses to and from Kansas City and Chicago.

After thoroughly reviewing the record, we conclude that the trial court's judgment was supported by substantial evidence and was not against the weight of the evidence, and that no error of law appears. While an extended opinion would serve no jurispru-

dential purpose, a memorandum explaining our reasoning has been provided to the parties. The judgment is affirmed pursuant to Rule 84.16(b).